PIETRO ROSELLE ET AL., PROSECUTORS, v. BOROUGH OF VERONA, DEFENDANT.

Submitted May 15, 1936—Decided August 12, 1936.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Thomas Brunetto.*

For the defendant, *Charles Jones.*

PER CURIAM.

This is a rule to show cause why a writ of *certiorari* should not issue to review a resolution of the borough of Verona, adopted April 7th, 1936, providing for advertising for bids for the borough's scavenger contract for a period of either five or three years. The resolution provided, *inter alia,* "Bidders' forms will only be given out to those bidders who have executed a form of questionnaire relating to financial responsibility and experience filed in the office of the Borough Clerk and satisfactorily passed upon by the Committee on Garbage and Ashes of the Borough Council."

Prior to the adoption of this resolution, the borough had advertised for bidders to apply for the questionnaire and in response to this advertisement eight prospective bidders had submitted answers to the questionnaire. The committee on garbage and ashes on April 7th, 1936, orally reported to council that it had gone over the answers and approved the qualifications as bidders of only two, C. Egan & Sons and Anthony Salerno. By motion, council approved this report. It appears that no formal resolution was adopted stating who were and who were not found to be qualified bidders. The resolution adopted merely contained the above quoted language adopting the oral finding of the committee.

The prosecutors, three of the unsuccessful applicants and a taxpayer in the municipality, promptly applied for a writ, after being denied a hearing on their fitness, and have diligently pursued this action.

Attack is made on the fairness and legality of the questionnaire. Question 6 was as follows:

"Have you been actively engaged, at some time within the past ten years, in at least a three-year scavenger contract, with a municipality having a population equal to or greater than the borough of Verona, New Jersey, according to the terms of which you were required to collect and remove garbage, ashes and refuse from the rear of all properties in the municipality and dispose of the same outside the limits thereof?"

It was testified that a negative answer to this question was, in some cases, one of the reasons for disqualification despite

the fact that the applicant had experience in smaller municipalities or had experience in removing refuse from the curb, rather than the rear of the properties.

Other questions dealt with the state of the title to the land on which it was proposed to dump the garbage, mortgage liens thereon, whether there was default in such mortgage, and whether taxes were paid or not.

We are of the opinion that a debatable question has been raised as to the reasonableness of this far-reaching questionnaire and as to the action of the governing body in the course of conduct it adopted.

A writ is allowed.